IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2154-BO

| | |
|---|---|
| ROBERT ALBERT TILLETT, )<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT C. LEWIS, )<br>Respondent. ) | O R D E R |

Robert Albert Tillett ("petitioner") petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Robert C. Lewis ("respondent") moved to dismiss the case based on untimeliness and the filing of the petition outside the statute of limitations period. (D.E. 9) 28 U.S.C. § 2244(d)(1). Petitioner responded to the pending motion (D.E. 12) and filed his own motion for summary judgment (D.E. 14), as well as a motion entitled "Motion to Grant Petition for Writ of Habeas Corpus" (D.E. 13). The matter is ripe for determination.

I.  Background

Petitioner is a prisoner of the State of North Carolina. On November 7, 1991, in the Superior Court of Wake County, petitioner pled guilty to statutory rape, four counts of crime against nature, and three counts of first-degree sexual offense. He was sentenced pursuant to the exact terms of his plea bargain, to two consecutive life sentences, in cases 91 CRS 45202, 46036-43. (D.E. 10, Mem. in Supp., Exhibit 1, copy of printed transcript of plea form and Exhibit 2, judgment and commitment forms) Petitioner was represented by Gerald M. Swartzberg during the criminal proceedings.

Petitioner filed a pro se notice of appeal, and on January 17, 1992, the appeal was dismissed. (Id., Exhibit 3 copy of order) On November 22, 2010, petitioner filed a pro se

certiorari petition in the North Carolina Court of Appeals. (Id., Exhibit 4) On December 7, 2010, the state filed its response (Id., Exhibit 5) and the following day, December 8th, certiorari was denied. (Id., Exhibit 6) On January 25, 2011, Petitioner filed a pro se notice of appeal, petition for discretionary review, and alternative petition for writ of certiorari, in the Supreme Court of North Carolina. (Id., Exhibit 7) On June 15, 2011, the notice of appeal and petitions were denied. (Id., Exhibit 8) On August 1, 2011, petitioner dated this pro se federal habeas petition and it was filed in this court on August 5, 2011.

II. Issues

Petitioner raises four issues: (1) the use of the short-form indictments for the offense of statutory rape and first-degree sexual offense; (2) assault is not an element of statutory rape or first-degree sexual offense; (3) the transcript of plea shows on page 4, lines 3-6, that he was confused and did not understand what the judge had confirmed to him by remaining silent; and (4) the state brought forth multiple charges out of a single offense, and failed to meet the element of assault for statutory rape and for first-degree sexual offense.

III. Discussion

Respondent argues that the petition should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), a person in custody pursuant to the judgment of a state court must file a petition for a writ of habeas corpus within one year. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application . . is removed . . . ;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitations period may be tolled under section 2244(d)(1) during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 n.2 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from the initial filing until final disposition by the state courts. See Taylor, 186 F.3d at 561. However, where a petitioner seeks out-of-time (post-deadline) appellate review, tolling is not allowed for the entire post-deadline interim period but for the time in which the petition is filed and pending. See Allen v. Mitchell, 276 F.3d 183 (4th Cir. 2001); McKinnon v. Beck, No. 5:05-HC-225-H (E.D.N.C. March 15, 2006) (tolling is not allowed for the entire post-deadline interim period after a deadline has passed for filing an appeal); Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct review but before filing of post-conviction motion for appropriate relief (MAR) is not tolled from one-year period of limitation); but see Frasch v. Pequese, 414 F.3d 518 (4th Cir. 2005).

3

While petitioner's case became final for purposes of direct appellate review on January 17, 1992, when the notice of appeal was dismissed, this was over four years before AEDPA became law on April 24, 1996. Thus, petitioner had one additional year or up to April 24, 1997, in order to timely file his current federal habeas petition. See 28 U.S.C. § 2244(d)(1); Hernandez v. Caldwell, 225 F.3d 435, 437-38 (4th Cir. 2000). Petitioner, however, did not file this federal habeas petition until August 5, 2011, and it is over 14 years out-of-time. Furthermore, neither petitioner's November 22, 2010, certiorari petition filed in the North Carolina Court of Appeals, nor his January 25, 2011 notice of appeal, petition for discretionary review, and alternative petition for writ of certiorari, filed in the Supreme Court of North Carolina, could toll his one-year period of limitation because the statute had previously run. The matter is time-barred.

IV.   Certificate of Appealability

Having dismissed the petition, the court must now consider the appropriateness of the certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") ("the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

V. Conclusion

Accordingly, Respondent's Motion to Dismiss (D.E. 9) the habeas corpus petition as untimely is GRANTED and the matter is DISMISSED. The certificate of appealability is DENIED. All other pending motions (D.E. 13 and 14) were fully considered with the motion to dismiss and DENIED. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this 13 day of July 2012.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE